■ SHIELA NUTA, Respondent, v. PHILIP NUTA, Appellant.— In an action by plaintiff wife for a judicial separation, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated January 2, 1963, as, upon the wife's motion, awarded to her, *pendente lite*: (a) $100 a week for alimony and for the support of their infant child, commencing October 27, 1962, the date of service of the motion papers; and (b) $850 for a counsel fee. Order modified by reducing the alimony and support to $75 a week, and the counsel fee to $500. As so modified, order, insofar as appealed from, affirmed, without costs. Under the circumstances disclosed by this record, it is our opinion that the allowances were excessive. However, our award, which is based on conflicting affidavits, is not intended to govern or influence the Trial Justice in exercising his discretion to fix the amount of permanent alimony, if any. The Trial Justice's determination should rest exclusively upon the proof adduced at the trial. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ OCEAN HOME ENTERPRISES, INC., Respondent, v. WALTER E. MERCER et al., Appellants.— In an action to recover a balance due under a contract for the construction of a Summer house by the plaintiff for the defendants, the defendants appeal from so much of an order of the Supreme Court, Suffolk County, made July 25, 1962 upon reargument, as adhered to the court's original decision and as: (1) vacated court orders of April 17, 1962 granting defendants' motion to enter judgment on their counterclaims, and vacated the judgment for $4,216.75 entered May 17, 1962 on such counterclaims; (2) granted leave to plaintiff to serve *nunc pro tunc* an amended reply; (3) vacated the court orders of April 17, 1962, denying the plaintiff's motion to restore the action to the calendar and dismissing the complaint unless plaintiff serves a note of issue for the April 1962 Calender; (4) directed plaintiff to serve a note of issue for the next Trial Term; and (5) directed the defendants, within a stated period, to transcribe the testimony of every officer and employee of the plaintiff previously taken by defendants at their pretrial examinations of such officers and employees, and further directed that defendants' answer shall be stricken out in the event of their failure to make such transcription. Order modified by striking out the sixth decretal paragraph directing the defendants to transcribe the testimony of plaintiff's officers and employees, and further directing that defendants' answer be stricken out if such transcription be not made; and plaintiff's motion to direct such transcription denied. As so modified, order, insofar as appealed from, affirmed, without costs. In our opinion, under the circumstances, it was an improper exercise of discretion to direct the transcription of the testimony, particularly in view of defendants' claim that the recording thereof is no longer in existence, and in view of the plaintiff's laches for two years in demanding the transcription. Plaintiff has also failed to show that it would be prejudiced because the officers are dead or not available to testify at the trial. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.